# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| ROBERT D. MURRAY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 2:17-cv-00184 |
| ) | REEVES/CORKER |
| WASHINGTON COUNTY, TENNESSEE, ) | |
| WASHINGTON COUNTY ELECTION ) | |
| COMMISSION, and MAYBELL STEWART, ) | |
| in her official capacity, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

Robert Murray brings this action alleging defendants violated the Family and Medical Leave Act in terminating his employment with the Washington County Election Commission. Washington County argues Murray's claims against the County should be dismissed because it was not his employer. Rather, the County asserts Murray was an employee of the State of Tennessee and therefore the State is liable for any illegal employment actions.

### I. Background

From January 21, 2015 to February 23, 2017, Murray was employed as a clerk by the Washington County Election Commission. His job duties included stuffing envelopes, picking up and delivering mail to and from the post office, scanning and checking new

voter applications, and various clerical tasks. These duties were overseen by Maybell Stewart, the Administrator of Elections.

In February 2016, Murray began experiencing health issues. He was diagnosed with Alzheimer's Disease and distal symmetrical sensory polyneuropathy. He also experienced two lacunar strokes. These illnesses resulted in personality changes and cognitive impairments. In addition, Murray was informed that he likely suffered from cervical radiculopathy that caused progressive weakness in his right arm. Murray informed Stewart of these conditions and continued to perform his duties.

In January 2017, Murray learned that he required surgical correction for spinal stenosis. He informed Stewart and asked to use some of the 43.38 hours of accrued paid leave in order to meet with a neurosurgeon at Duke University. When Murray requested this leave, he was not provided with notice about the Family and Medical Leave Act (FMLA), or of his eligibility status, rights, or responsibilities under the FMLA.

Murray scheduled an appointment for February 24, 2017, and surgery was scheduled for April 18, 2017. Surgery would require a hospital stay of several nights as well as a two week recovery period at home, followed by a return to work with minor lifting restrictions. Initially, Murray's request for paid leave was approved; however, one day before he was scheduled to meet with his neurosurgeon at Duke University, Stewart terminated his employment.

## II. Standard of Review

A motion to dismiss under Rule 12(b)(6), Federal Rules of Civil Procedure, requires the court to construe the complaint in the light most favorable to the plaintiff, accept all the

complaint's factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of his claims that would entitle him to relief. *Meador v. Cabinet for Human Resources*, 902 F.2d 474, 475 (6th Cir.) cert. denied, 498 U.S. 867 (1990). The court may not grant such a motion to dismiss based upon a disbelief of a complaint's factual allegations. *Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990); *Miller v. Currie*, 50 F.3d 373, 377 (6th Cir. 1995) (noting that courts should not weigh evidence or evaluate the credibility of witnesses). The court must liberally construe the complaint in favor of the party opposing the motion. *Id.* However, the complaint must articulate more than a bare assertion of legal conclusions. *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434 (6th Cir. 1988). The complaint "must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Id.*

### III. Discussion

Washington County asserts that, although the County was required to fund Murray's position and provide employment benefits, Murray was a State employee, citing Judge Collier's decision in *Ellis v. Bradley Cnty*, 2007 WL 1830756 (E.D.Tenn. Jun. 22, 2007).

In *Ellis*, the plaintiff was administrator of elections for Bradley County and filed suit against the County asserting his rights under the FMLA had been violated. Judge Collier examined the Tennessee Code, relevant case law, and persuasive opinions from the Attorney General, and concluded that the administrator of elections was a State official and not a County official. *Id.* at *5. Judge Collier noted that although plaintiff received his salary, as well as insurance and retirement benefits from the County, by statute, the County

3

was not able to hire or fire plaintiff, abolish his position, or even lower his compensation below the prior year's. In addition, most of the plaintiff's duties were set out in Tenn. Code Ann. § 2-12-20, so the County did not set goals or the "manner and means" by which to achieve the goals. Judge Collier also found that the plaintiff's duties were not owed to the county alone. Plaintiff helped manage federal, state, county, and municipal elections. *Id.* at *6. Judge Collier further found that the County had little control over the plaintiff's selection as Administrator of Elections as he was appointed by the State Election Commission. *Id.* Plaintiff was controlled by the State Election Commission and State law. Therefore, Judge Collier found it would be unfair to hold the County liable for actions taken without its input or direction. *Id.*

The Sixth Circuit Court of Appeals, affirmed, stating that "Ellis was for all intents and purposes an employee of the State of Tennessee, rather than Bradley County." *Ellis v. Bradley Cnty*, 387 Fed. Appx. 516, 517 (6th Cir. 2008). The Sixth Circuit also noted that the "Tennessee Supreme Court has determined that a county election commission is not an arm of the county government." *Id.*

The Middle District of Tennessee in *Peterson v. Dean*, 2010, WL 5184794 (M.D. Tenn. Dec. 14, 2010), also found that county election commissioners are State officials – not county officials. *Id.* at *5-6.

Based on the reasoning contained in the cited cases, the County argues that a deputy clerk employed by the County should also be deemed a State employee. The court agrees. Washington County did not have any control over the hiring or firing of Murray and all of his work duties were under the control of the State appointed Administer of Elections.

4

Murray argues that *Ellis* is not controlling, and the court should find that the County and the Election Commission were a single employer, relying on the FMLA's definitions of employer. Murray argues that under the FMLA, two public agencies can constitute a single employer if they are not treated separately for statistical purposes in the Census of Governments issued by the Bureau of the Census, U.S. Department of Commerce. See 29 C.F.R. § 825.108(c)(1). Murray states that the current Census of Governments issued by the Bureau of the Census does not distinguish election commissions in the State of Tennessee as separate and apart from the county governments.

Murray's argument for a broader definition of employer under the FMLA is inconsistent with Judge Collier's holding in *Ellis* that Election Commissions "are quasi-independent bodies which oversee municipal, county, and State elections within their geographic jurisdiction." *Ellis*, 2007 WL 1830756 at *3 (citing *Abercrombie v. Chattanooga*, 131 S.W.2d 256, 162 (Tenn. 1958) (holding Commissions exist under general law of the State, are not part of any State political subdivision, and are not an arm of the county government").

Murray further argues that the County and the Election Commission were an integrated employer with common management, interrelated operations, centralized control of labor relations, and common financial control. Murray contends his job duties were low level, clerical tasks that did not require much skill or any capital investment and would not have allowed any opportunity for him to obtain any profit or loss from his endeavors.

The problem with Murray's "integrated employer" argument is that the code provision upon which he relies is limited to when a corporation has an ownership interest in another corporation. *See* 29 C.F.R. § 825.104 ("Where one corporation has an ownership interest in another corporation, it is a separate employer unless it meets the joint employment test in § 825.106, or the integrated employer test . . . "). The language of the regulation is clear that it only applies to corporations, which is not the case here. *In Colter v. Bowling Green-Warren Cnty Regional Airport Board*, the district court held the "integrated employer doctrine is inapplicable when determining FMLA eligibility of employees in a public agency." Moreover, the Sixth Circuit has instructed that courts "should examine state law before referring to the Census." *Rollings v. Wilson Cnty. Govt.*, 154 F.3d 626, 629 (6th Cir. 1998). Here, State law directs that Murray is an employee of the Election Commission and not Washington County.

Finally, Murray argues that unlike an administrator of elections, he did not hold an appointed position. His job was not created by statute; his job duties were not set by statute; and his compensation was not set by statute. He was merely an office worker whose duties included stuffing envelopes, picking up and delivering mail to and from the post office, scanning and checking new voter applications, among other clerical tasks. Thus, the reasoning of *Ellis* and *Peterson* are not applicable. The court disagrees.

Tenn. Code Ann. § 2-12-201 states "The commission shall appoint an administrator of elections who shall be the chief administrative officer of the commission and who shall be responsible for the daily operations of the office and the execution of all elections." This section goes on to state "The duties of the administrator of elections may, upon the

administrator's discretion, be performed by a designee." *Id.* The statute list the duties of the administrator, which includes "employment of all office personnel." *Id.* These provisions of the Tennessee Code establish that the duties of the Commission and the Administrator are set by the State and are outside control of the County. Here, Murray was hired by the Administrator to help with the function of the State created office, independent of the County. The person with authority to hire and fire Murray was Maybell Stewart, and Stewart is a state official/employee for purposes of the FMLA under the holding of *Ellis*. Murray has not presented any authority that he should be treated differently.

## IV.  Conclusion

In light of the foregoing discussion, Washington County's motion to dismiss [R. 13] is **GRANTED**, and Washington County is **DISMISSED** as a defendant in this action.

**IT IS SO ORDERED.**

_____
**UNITED STATES DISTRICT JUDGE**